# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SANAA FAHIM, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-4035 |
| § | | |
| MARRIOTT INTERNATIONAL, § | | |
| INC., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

Plaintiff Sanaa Fahim filed this lawsuit alleging that Defendant Marriott International, Inc. ("Marriott") violated Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, when its agents refused to honor Plaintiff's airline accommodation voucher. The case is now before the Court on Defendant's Motion for Partial Dismissal [Doc. # 11], in which Marriott seeks dismissal of Plaintiff's claims for compensatory and exemplary damages because damages are not recoverable under Title II. Plaintiff filed a Response [Doc. # 14] conceding that she cannot recover damages under Title II, but also filed a Motion for Leave to File First Amended Complaint ("Motion to Amend") [Doc. # 15] to assert a claim under 42 U.S.C. § 1981. Marriott filed a Reply in support of its motion [Doc. # 16], and a Response

[Doc. # 17] to Plaintiff's Motion to Amend.  Plaintiff has neither filed a Reply in support of her Motion to Amend nor requested additional time to do so.

Based on a careful review of the full record and the application of governing legal authorities, the Court **denies** Plaintiff's Motion to Amend and **grants** Defendant's Motion for Partial Dismissal.

## I.    DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

As argued by Defendant and conceded by Plaintiff, it has been established for decades that actual damages are not available under Title II.  *See Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968); *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 499 (5th Cir. 1968); *Arguello v. Conoco, Inc.*, 207 F.3d 803, 809 n.9 (5th Cir. 2000).  Consequently, Plaintiff's claims for compensatory and exemplary damages are dismissed.

Defendant also seeks clarification regarding whether Plaintiff demanded a jury.  It is clear and undisputed that Plaintiff did not request a jury in her Original Complaint filed December 21, 2006.  Plaintiff argues that she "noted" when she filed the Complaint that she wanted a jury, apparently by checking a box on the Civil Cover Sheet.  Plaintiff's reliance on the Civil Cover Sheet is unavailing because the instructions clearly advise that the "Yes" box for "Jury Demand" is to be checked only if a jury is "demanded in complaint" and it is undisputed that Plaintiff did not

demand a jury in her Complaint. Additionally, Plaintiff cannot make a valid jury demand in the Civil Cover Sheet because it was not served on Defendant as required by Rule 38 of the Federal Rules of Civil Procedure. The Court also notes that Plaintiff and Defendant stated in the Joint Discovery/Case Management Plan [Doc. # 8] subsequently filed on April 26, 2007, that a "jury demand has not been made in this case." Plaintiff has not made a proper or timely demand for a jury.

## II.     PLAINTIFF'S MOTION TO AMEND

Plaintiff argues that she asserted a claim under 42 U.S.C. § 1981 in her Complaint and that she has moved for leave to amend her Complaint to clarify that her lawsuit contains a § 1981 claim. *See* Motion to Amend, pp. 1-2. The Complaint is clear, however, that the claim is brought under 42 U.S.C. § 2000a "sometimes referred to as Title II." *See* Complaint [Doc. # 1], ¶ 1. After setting forth the factual allegations, Plaintiff asserts a "Complaint of Discrimination" citing 42 U.S.C. § 2000a, "Title II." *See id.*, ¶ 25. Nowhere in the Complaint does Plaintiff assert a claim under § 1981. Similarly, in the parties' Joint Discovery/Case Management Plan, Plaintiff describes her allegation as a "violation of Title II of the 1964 Civil Rights Act (42 U.S.C. § 2000a), as amended." *See* Joint Discovery/Case Management Plan [Doc. # 8], p. 2. In that document, filed in late April 2007, Plaintiff still does not purport to assert a § 1981 claim. Plaintiff Complaint does not contain

a claim pursuant to 42 U.S.C. § 1981 and, therefore, she is not entitled to amend her complaint to "make clear" that it does.

Additionally, the Motion to Amend is untimely. Following the initial pretrial conference, the Court issued a Docket Control Order [Doc. # 10] establishing July 31, 2007, as the deadline for amendments to pleadings. Although Plaintiff's attorney failed to appear at the conference, the Court provided an opportunity for counsel to object to any of the dates in the Docket Control Order. *See* Hearing Minutes and Order [Doc. # 9]. Plaintiff's attorney did not object to the deadline for amendments to pleadings or to any other deadline in the Docket Control Order.

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546.

Plaintiff has failed to argue or establish good cause for the untimely request to amend. She provides no explanation for her failure to file a timely motion for leave to amend. Indeed, it appears that the request to amend was prompted solely by Defendant's Motion for Partial Dismissal. The requested amendment is clearly important to Plaintiff, because without the amendment to assert a § 1981 claim she is not entitled to recover damages in this case. But Defendant would suffer substantial prejudice if Plaintiff is allowed to assert a new claim and a new basis to recover damages for the first time almost a year after the Complaint was filed, after the deadline for experts has expired, and less than two months before the close of discovery. Although the Court could extend all the deadlines in this case to alleviate the prejudice to Defendant, the Court exercises its discretion to preserve the integrity and purpose of the Docket Control Order in this case where Plaintiff offers no explanation for her untimely request to amend.

## III. CONCLUSION AND ORDER

Plaintiff's Motion to Amend was filed after the deadline for amendments to pleadings, and Plaintiff has not shown good cause for the delay. As conceded by

Plaintiff, Title II does not provide for the recovery of damages. Plaintiff has not requested a jury trial. As a result, it is hereby

**ORDERED** that Defendant's Motion for Partial Dismissal [Doc. # 11] is **GRANTED**. Plaintiff's claims for compensatory and exemplary damages are dismissed. It is further

**ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [Doc. # 15] is **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **October, 2007**.

Nancy F. Atlas
United States District Judge